**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GENERAL CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS** | : | **Case No.: 3:16CV00456(RNC)** |
| **v.** | : | |
| **SUSAN EGIDIO and WILLIAM BENJAMIN MONDICS** | : | **MARCH 29, 2016** |

**DEFENDANT MONDICS' PRELIMINARY MEMORANDUM IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant William Benjamin Mondics respectfully submits that Plaintiff's motion for preliminary injunctive relief should be denied. Although the fact that the Complaint and motion papers were served on Mr. Mondics at his home in Moravia, New York, just one week ago, and that undersigned counsel has been retained in this matter only today, prevents a full presentation of the reasons that the application should be denied, we respectfully submit that the failure of the instant application is nevertheless apparent based upon the considerations briefly presented herein.

Should the Court opt not to deny the motion for injunctive relief at this time, the Court should defer adjudication of the motion until after the first responsive pleading date so that it may be considered in the context of the fully-briefed motions to dismiss that Mr. Mondics intends to file.[1] Accordingly, in that event, we would respectfully request an appropriate

[1] Additional time to prepare and present Mr. Mondics' opposition, including time to more fully develop and brief the jurisdictional and justiciability problems in Plaintiff's action,



JRS/34446/2/1366993v1
03/29/16-HRT/JRS

continuance of the Court's consideration of Plaintiff's motion, as discussed further below, and an opportunity to present our opposition to Plaintiff's motion for a temporary restraining order and a preliminary injunction more fully at a later time.

**1. Preliminary Injunctive Relief Should Be Denied Because of the Lack of Personal Jurisdiction as to Mr. Mondics.**

First, we respectfully submit that personal jurisdiction with respect to Mr. Mondics is lacking in this action. It is well established that the party asserting "personal jurisdiction . . . . bears the burden of demonstrating that jurisdiction exists." *Martinez v. Queens County District Attorney*, 596 Fed.Appx. 10 (2d Cir. 2015); *see, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). However, the factual assertions offered by Plaintiff here in support of its application – namely, the factual assertions of the complaint verified by the affidavit of its general counsel – include no facts establishing any connection of Mr. Mondics to Connecticut, let alone a connection that would satisfy the requirements of personal jurisdiction. The only text purporting to connect Mr. Mondics to Connecticut is the conclusory legal allegation that "[t]his Court has personal jurisdiction over Defendants. . . . Defendant Mondics has had sufficient minimum contacts with Connecticut and has purposefully availed himself of the privilege of conducting activities within this state so as to allow a Connecticut court to exercise jurisdiction over him in accordance with C.G.S. § 52-59b." Complaint ¶ 9 (Pacer Doc. No. 1). As a legal contention, and not a "factual assertion," this statement is not verified by the affidavit of Attorney Doukmetzian, by its terms. *See* Affidavit of Karnik Doukmetzian (Pacer Doc. No. 1-1) (purporting to verify just

---

and to retain appropriate expertise with respect to Turkish law, would be needed in any event, as discussed further below.

the "factual statements" of the Complaint). It would be entitled to no weight in any event. *See, e.g., Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. N.Y. 2012) (court is not "required to accept as true a legal conclusion couched as a factual allegation . . . ." (internal quotation marks and citation omitted)); *cf. Shostack v. Diller*, 2015 U.S. Dist. LEXIS 123777 (S.D.N.Y. 2015) (dismissing verified complaint because "courts routinely grant motions to dismiss for lack of personal jurisdiction when the Plaintiff relies solely on such vague assertions"). The glaring omission of any factual assertions tying Mr. Mondics to Connecticut highlights the lack of jurisdiction here: Mr. Mondics resides in upstate New York, not here, Complaint, ¶ 5; Mr. Mondics does not, and is not alleged to, work in Connecticut or conduct any business here, own any property in Connecticut, or engage in any act related to this suit (or any act at all) in Connecticut. To the contrary, as to Mr. Mondics the suit involves subjects and actions entirely outside Connecticut: real property and related transactions in Turkey, a plaintiff based in Maryland, and powers of attorney purporting to relate to business in Turkey and executed in New York State.

There is simply no nexus between Mr. Mondics, the events concerning this action and Connecticut, and, accordingly, Plaintiff fails to satisfy any prong of the long arm jurisdictional statute upon which it relies, *see* C.G.S. § 52-59b, or the constitutional standards of "general" or "specific" jurisdiction. *See Daimler A.G. v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754 (2014) (general jurisdiction involves "continuous . . . operations within a state [that are] so substantial and of such a nature as to justify suit against the defendant on causes of action arising from dealings entirely distinct from those activities"); *Thomason v. Chemical Bank*, 234 Conn. 281, 287-288 (1995) (specific jurisdiction exists if the "defendant has purposefully

directed [its] activities at residents of the forum, and the litigation has result[ed] from alleged injuries that arise out of or relate to those activities" (internal quotation marks and citations omitted) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984))). This personal jurisdictional problem precludes Plaintiff from making a "clear showing of probable success" in this litigation as to Mr. Mondics, as it must do in order to secure the injunctive relief that it seeks. *Berrigan v. Norton*, 451 F.2d 790, 793 (2d Cir. 1971). For this reason, alone, the motion for injunctive relief should be denied.

Moreover, Mr. Mondics intends to submit a Rule 12(b)(2) motion seeking dismissal of the action on the grounds of the absence of personal jurisdiction, and any further consideration of injunctive relief should be deferred pending determination of that motion. *See, e.g., Lam Yeen Leng v. Pinnacle Performance, Ltd.*, 474 Fed. Appx. 810, 813 (2d Cir. 2012) ("[T]he district court erred in enjoining Pinnacle without first making any findings as to its jurisdiction over that party. Where a challenge to personal jurisdiction is interposed on an application for a preliminary injunction, the district court must determine that the party moving for the injunction has established 'at least a reasonable probability of ultimate success on the question of the court's in personam jurisdiction' over the non-moving party.").

**2. <u>Preliminary Injunctive Relief Should Be Denied Because of Lack of Standing.</u>**

It appears, further, that the case is subject to dismissal for lack of subject matter jurisdiction due to Plaintiff's inability to establish standing. *See, e.g., Steinberger v. Lefkowitz*, 2015 U.S. App. LEXIS 21620 (2d Cir. 2015) ("In order to establish the court's subject matter jurisdiction, a plaintiff must show the three familiar elements of standing: injury in fact, causation, and redressability." (Internal quotation marks omitted.)). The Plaintiff's

claims against Mr. Mondics seem to rely primarily on the alleged power of attorney, in Turkish, purportedly executed by Mr. Mondics in May 2014 in Onondaga County, New York, Exhibit D to Complaint (Pacer Doc. No. 1-5), which (based upon the uncertified translation offered by Plaintiff) names as his agent an individual identified as Attorney Levent Kutuk. Among other problems with this reliance, the purported instrument does not in fact refer to the Plaintiff, General Conference Corporation of Seventh-Day Adventists. While the document does purport to authorize Attorney Kutuk to "donate [the] immovable properties located in Istanbul, Turkey . . . to Turkish foundation fir [*sic*] Seventh-day Adventists to be established in Turkey as a legal entity," no such foundation is a plaintiff in this action. Furthermore, to the extent Plaintiff purports to rely upon the alleged "to whom it may concern" trust instrument purportedly executed by Mr. Mondics' father in Istanbul in 1949 in an effort to evade the Turkish law prohibiting ownership of property by protestant religious organizations, Exhibit C to Complaint (Pacer Doc. No. 1-4), *see* Complaint ¶¶ 12-13 (Pacer Doc. No. 1), this instrument also makes no reference to Plaintiff; rather, it purports to certify certain intentions to "the Middle East Union Mission of Seventh-day Adventists," which is further identified as a separate entity by reference to the place of its headquarters "in Beirut, Lebanon," and the name of its "President" and "Secretary." Exhibit C to Complaint (Pacer Doc. No. 1-4).[2] Accordingly, Mr. Mondics also intends to file a Rule 12(b)(1) motion to

---

[2] It appears that, at best, Plaintiff has a parent-subsidiary relationship with the Middle East Union and/or the Turkish Mission. Federal courts have routinely found that a parent corporation lacks standing to pursue a claim on behalf of its subsidiary:

> There is support from decisions in this circuit for the holding that a parent company lacks standing to bring claims on behalf of its subsidiary. See, e.g., *Feinberg v. Katz*, No. 99 Civ. 45, 2002 U.S. Dist.

dismiss Plaintiff's Complaint for a lack of subject-matter jurisdiction. Plaintiff's failure to establish standing in its current submission weighs against granting the requested preliminary injunctive relief; in any event, further consideration of injunctive relief should await determination of that issue.

**3. Preliminary Injunctive Relief Should Be Denied Based Upon Deference to the Sovereignty of Turkey, Where a Parallel Action Is Pending, and Because the Case is Subject to Dismissal on the Ground of *Forum Non Conveniens*.**

Moreover, preliminary injunctive relief should be denied out of deference to the sovereignty of Turkey, where litigation concerning this very property and these very issues is actually pending now, and because the case is subject to dismissal on the ground of *forum non conveniens*. The case involves the transfer of Turkish property; based upon the Complaint, there is a separate lawsuit pending in Turkey concerning the property at issue here, presumably brought by this same Plaintiff, *see* Complaint, p. 22 (Pacer Doc. No. 1); and this case will inevitably involve: (i) the law of Turkey regarding the transaction; (ii) the historic prohibition on ownership by the Plaintiff; (iii) the issues concerning the alleged trust relied upon by Plaintiff but evidently established in derogation of the ownership restrictions under Turkish law

---

> LEXIS 13771, 2002 WL 1751135, at (S.D.N.Y. July 26, 2002); *Diesel Sys., Ltd. v. Yip Shing Diesel Eng'g Co., Ltd.*, 861 F. Supp. 179, 181 (E.D.N.Y. 1994); *Bross Utils. Serv. Corp. v. Aboubshait*, 618 F. Supp. 1442, 1445 (S.D.N.Y. 1985). This conclusion follows from the principle that 'a parent corporation cannot create a subsidiary and then ignore its separate corporate existence whenever it would be advantageous to the parent.' *Feinberg,* 2002 U.S. Dist. LEXIS 13771, 2002 WL 1751135 at (quoting *Pa. Eng'g Corp. v. Islip Res. Recovery Agency*, 710 F. Supp. 456, 465 (E.D.N.Y. 1989)).

*EMI Entm't World, Inc. v. Karen Records, Inc.*, 2013 U.S. Dist. LEXIS 81470, *7-*8 (S.D.N.Y. 2013). Accordingly, it would seem that the Plaintiff cannot rely on the fact that the Middle East Union and Turkish Mission may have claims.

at the time of the alleged transaction, *see* Complaint, ¶¶ 12-13 (Pacer Doc. No. 1); (iv) the effect and meaning of the powers of attorney at issue in this case; and (v) the alleged fraudulent conveyance. These factors all point toward a conclusion that this matter should not be adjudicated in this Court pursuant to, among other things, the doctrine of *forum non conveniens*. *See, e.g., Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991) ("A fraudulent conveyance claim is governed by the law of the state in which the property is located."); *Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 967 (2d Cir. 1980) (application of foreign law weighs in favor of dismissal on *forum non conveniens* grounds); *LaSala v. Bank of Cyprus Public Co. Ltd.*, 510 F.Supp.2d 246, 263 (S.D.N.Y. 2007) (n a challenge based on *forum non conveniens*, "[t]he mere likelihood of the application of foreign law weighs in favor of dismissal"); *Moskovits v. Moskovits*, 150 Fed. Appx. 101, 103 (2d Cir. 2005) (in a *forum non conveniens* analysis, where law suit concerns transfer of real property in a foreign country and that country provides an adequate forum, the plaintiff's choice of forum is entitled to little deference).

Under these circumstances, "[b]ecause no mechanism provides for transfer between the courts of different sovereigns, dismissal under *forum non conveniens* remains the appropriate remedy." 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3828, p. 569 (2013). Again, this vulnerability prevents Plaintiff from establishing the requisite likelihood of success needed to support issuance of preliminary injunctive relief. And, again, this issue should in any event be addressed before the Court considers injunctive relief. *Cf.*, *Armstrong Pump, Inc. v. Hartman*, 2010 U.S. Dist. LEXIS 94565 (W.D.N.Y. 2010)

(resolving venue issue prior to ruling on preliminary injunction); *United States v. International Bhd. of Teamsters*, 981 F. Supp. 233, 235 (S.D.N.Y. 1997) (same).

In any event, even if the case were not subject to dismissal on *forum non conveniens* grounds, these same considerations militate against issuance of injunctive orders. As noted by one commentator, "[i]t is a fundamental proposition that real property is subject to the exclusive jurisdiction of the courts of the state or country in which it is located, and title to the property and the validity or invalidity of every devise, transfer, or conveyance thereof, must depend on the *lex rei sitae*. This is based upon the independent and exclusive sovereignty of each state over immovables located therein." Messner, *The Juridiction of a Court of Equity Over Persons to Compel the Doing of Acts Outside the Territorial Limits of the State*, 14 Minn.L.Rev. 494, 506 (1930). Consequently, "courts are extremely reluctant to issue injunctions affecting foreign land. . . . [because of] a respect for the sovereignty of another state or country over the land within its borders." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2945, p. 93 (2013). Under these circumstances, the Court should decline to issue the injunctive relief sought by the Plaintiff.

**4. Plaintiff's Motion for Preliminary Injunctive Relief May Be Denied Without Prejudice Pending Resolution of the Jurisdictional, Justiciability and Forum Issues.**

In light of the foregoing, Plaintiff's motion for a temporary restraining order and a preliminary injunction should be denied. In the event the Court is inclined to allow further consideration of such relief at a later time, after resolution of the jurisdictional, justiciability and forum issues, the denial can be without prejudice to renewal at that point. Alternatively, should the Court choose to allow Plaintiff's motion to remain pending, we respectfully request

that any hearing be postponed until there is an adequate opportunity for presentation and adjudication of the essential preliminary issues. The undersigned would be prepared to discuss the appropriate schedule during the phone conference scheduled on this matter tomorrow morning.[3]

**DEFENDANT,**
**WILLIAM BENJAMIN MONDICS,**

By: *　/s/ James R. Smart*
James R. Smart (ct 20982)
Peter J. Zarella (ct 29657)
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
30 Jelliff Lane
Southport, CT 06890
Phone: (203) 319-4000
Fax: (203) 259-0251
jsmart@mdmc-law.com

[3] Defendant Susan Egidio in her March 28, 2016 Motion for Continuance (Pacer Doc. No. 13) seeks a 30-day continuance. We respectfully submit that preparation and adjudication of the motions may realistically take more time than that, in light of the possible need for retention of an expert on Turkish law and presentation of the relevant information related to Turkish law, and the possible discovery that may be necessary. In any event, the undersigned would ask that the hearing or associated deadlines be scheduled no sooner than 36 days from from tomorrow; scheduling in 30 days would present a conflict for the undersigned with respect to observance of the closing days of the Passover holiday, and a family vacation planned for that time.

**CERTIFICATION**

This is to certify that on March 29, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James R. Smart*
James R. Smart